IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

WILLIAM JORDAN, individually as
surviving spouse of Vivian Jordan, deceased,
and KARYN HENRY, as administrator of the
estate of Vivian Jordan, deceased,

                    Plaintiffs,

vs.

TRUCKS FOR YOU, INC., CHEROKEE
INSURANCE CO. and KHANDIS GIBSON

                    Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION 20A79055
FILE NO. _____

## COMPLAINT

COME NOW, Plaintiffs William Jordan and Karyn Henry and file this complaint against

Trucks for You, Inc., Cherokee Insurance Company and Khandis Gibson and show the court as

follows:

### PARTIES AND JURISDICTION

1.

Plaintiff William Jordan is a citizen of the State of Georgia and Plaintiff Karyn Henry is a

citizen of the State of South Carolina and are subject to the jurisdiction of this court.

2.

Defendant Trucks for You, Inc. ("TFY") is a corporation existing under the laws of the

State of Oklahoma with its principal place of business in Oklahoma, and is authorized to transact

business in the State of Georgia and may be served by delivering a copy of the summons and

complaint on its registered agent J. Britt Thames at 4124 Arkwright Road, Suite 2, Macon,

Georgia 31210, and is subject to the jurisdiction of this Court.



**EXHIBIT**
tabbies
**D-1**

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2020 2:30 PM
E-FILED
BY: Siana Smith

3.

Defendant Cherokee Insurance Company is a corporation existing under the laws of the State of Tennessee with its principal place of business in Tennessee, and is authorized to transact business in the State of Georgia and may be served by delivering a copy of the summons and complaint on its registered agent Brady Green at 315 Old Mountain Road, Powder Springs, Georgia 30073, and is subject to the jurisdiction of this Court.

4.

Defendant Khandis Gibson resides at 105 Chandler Trace, Covington, Newton County, Georgia 30016 and may be served with a copy of the summons and complaint at this residence.

5.

Jurisdiction is proper in this Court.

6.

Venue is proper in this Court.

## **BACKGROUND**

7.

On or about May 13, 2019, Plaintiff William Jordan was driving a vehicle with Decedent Vivian Jordan a passenger westbound on Lavista Road and made a left turn behind a school bus at the intersection with Ranchwood Drive in DeKalb County, Georgia.

8.

On that date, Defendant Gibson was driving a tractor-trailer on behalf of Defendant TFY eastbound on Lavista Road approaching the intersection and did not slow down or take any evasive maneuver to avoid Plaintiff William Jordan's vehicle as he was turning left behind the school bus.

9.

Gibson's tractor-trailer hit the side of William Jordan's vehicle injuring Mr. Jordan and injuring his wife Vivian Jordan to the extent that she could not be saved and died 11 days later.

## COUNT I – NEGLIGENCE

10.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Gibson was negligent in the operation of his vehicle in driving too fast for conditions, driving over the speed limit and failing to maintain a proper lookout for other vehicles.

12.

Defendant Gibson was negligent in striking Plaintiff William Jordan's vehicle.

13.

Defendant Gibson's negligence is the sole and proximate cause of the collision and the injuries suffered by Plaintiff William Jordan and the Decedent Vivian Jordan which led to her death.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Gibson was an employee of Defendant TFY and was acting within the scope of his employment or, in the alternative, was acting an agent of Defendant TFY and was acting within the scope of agency.

16.

At the time of the subject collision, Defendant Gibson was operating his tractor-trailer on behalf of Defendant TFY and under dispatch to Defendant TFY.

17.

Defendant TFY is responsible for the actions of Defendant Gibson in regard to the collision described in this complaint under the doctrine of respondeat superior, lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, ENTRUSTMENT & SUPERVISION

18.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant TFY was negligent in hiring Defendant Gibson and entrusting him to drive a tractor-trailer.

20.

Defendant TFY was negligent in failing to properly train Defendant Gibson.

21.

Defendant TFY was negligent in failing to properly supervise Defendant Gibson.

22.

Defendants TFY's negligence in hiring Defendant Gibson and entrusting him with driving a tractor-trailer and failing to train and supervise him properly was the sole and proximate cause of the collision and the injuries suffered by Plaintiff William Jordan and Decedent Vivian Jordan that led to her death.

## COUNT IV – DIRECT ACTION

23.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Cherokee Insurance is subject to a direct action as the insurer for Defendant TFY pursuant to O.C.G.A. § 40-2-140.

25.

Defendant Cherokee Insurance was the insurer of Defendant TFY at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and interstate transportation.

26.

Defendant Cherokee Insurance and Defendant TFY are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

27.

Defendant Cherokee Insurance is responsible for any judgment rendered against Defendant TFY.

## COUNT V – DAMAGES

28.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

At the time of the collision, Decedent was married to Plaintiff William Jordan, and Plaintiff William Jordan is the proper party to bring a claim for the full value of her life.

30.

Decedent experienced pain and suffering as a result of the collision and incurred medical expenses from her injuries before she died, and Plaintiff Karyn Henry as the administrator of her estate is the proper party to bring these claims.

31.

As a result of Defendants' negligence, Plaintiff William Jordan has a claim for the wrongful death of the Decedent Vivian Jordan and has a claim for his own pain and suffering and past medical expenses for his own injuries and for negligent infliction of emotional distress in witnessing the injuries suffered by his wife.

32.

As a result of Defendants' negligence, Plaintiff Karyn Henry, as administrator of the estate of Vivian Jordan, has a claim for the Decedent's pain and suffering and for the Decedent's funeral and medical expenses.

## COUNT IV – PUNITIVE DAMAGES

33.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff Karyn Henry, as administrator of the estate of Vivian Jordan, to an award of punitive damages.

**WHEREFORE**, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

a.   That Plaintiff William Jordan recover for the full value of the life of Vivian Jordan;

b.   That Plaintiff William Jordan recover for his past medical expenses in an amount to be proven at trial;

c.   That Plaintiff William Jordan recover for his past and future mental and physical pain and suffering from his own injuries and for his past and future mental suffering for watching his wife be injured in an amount to be determined by the enlightened conscience of a jury;

d.   That Plaintiff Karyn Henry recover for the Decedent's past mental and physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

e.   That Plaintiff Karyn Henry recover for the Decedent's past medical expenses and funeral expenses in an amount to be proven at trial;

f.   That Plaintiff Karyn Henry recover punitive damages in an amount to be

determined by the enlightened conscience of a jury;

g.   That Plaintiffs recover such other and further relief as is just and proper.

This 10th day of February, 2020.

Respectfully Submitted,

**FRIED GOLDBERG LLC**

By: */s/ Michael L. Goldberg*
**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

Three Alliance Center
3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@friedgoldberg.com
Email: eric@friedgoldberg.com

**THE KALKA LAW GROUP**

By: */s/ Anthony Kalka*
**ANTHONY KALKA**
Georgia Bar No.  406224

1447 Peachtree Street, N.E.
Suite 550
Atlanta, Georgia 30309
(404) 907-1594
Fax: (404) 567-4413
Email: tony@404lawyer1.com

Attorneys for Plaintiffs

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2020 2:30 PM
E-FILED
BY: Siana Smith

## AFFIDAVIT OF SERVICE

| Case:<br>20A79055 | Court:<br>IN THE STATE COURT OF DEKALB COUNTY | County:<br>DEKALB | Job:<br>4284852 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>WILLIAM JORDAN, individually as surviving spouse of Vivian Jordan, deceased, and KARYN HENRY, as administrator of the estate of Vivian Jordan, deceased | | Defendant / Respondent:<br>TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO. and KHANDIS GIBSON | |
| Received by:<br>RMG - SERVICES, LLC | | For:<br>FRIED GOLDBERG LLC | |
| To be served upon:<br>TRUCKS FOR YOU, INC. | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   TRUCKS FOR YOU, INC. c/o Registered Agent J. Britt Thames who is authorized to accept legal documents on behalf of Trucks For You, Inc. , Company: 4124 Arkwright Rd Ste. 2, Macon, GA 31210

Manner of Service:   Registered Agent, Feb 13, 2020, 2:30 pm EST

Documents:   SUMMONS; COMPLAINT; and PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUTION OF DOCUMENTS TO DEFENDANTS

Additional Comments:
1) Successful Attempt: Feb 13, 2020, 2:30 pm EST at Company: 4124 Arkwright Rd Ste. 2, Macon, GA 31210 received by TRUCKS FOR YOU, INC. c/o Registered Agent Britt Thames who is authorized to accept legal documents on behalf of Trucks For You, Inc. . Age: 50+; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'7"; Hair: Bald;

HOLLIS HILL           2/15/2020
Certified Process Server # CPS195        Date

RMG - SERVICES, LLC
P.O. Box 82967
Conyers, GA 30013
770-601-4250

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

2/15/2020        2/20/2022
Date         Commission Expires

STATE COURT OF
DEKALB COUNTY, GA.
2/17/2020 10:46 AM
E-FILED
BY: Monique Roberts

## AFFIDAVIT OF NON-SERVICE

| Case:<br>20A79055 | Court:<br>IN THE STATE COURT OF DEKALB COUNTY | County:<br>DEKALB | Job:<br>4284847 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>WILLIAM JORDAN, individually as surviving spouse of Vivian Jordan, deceased, and KARYN HENRY, as administrator of the estate of Vivian Jordan, deceased | | Defendant / Respondent:<br>TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO. and KHANDIS GIBSON | |
| Received by:<br>RMG - SERVICES, LLC | | For:<br>FRIED GOLDBERG LLC | |
| To be served upon:<br>CHEROKEE INSURANCE COMPANY | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:     CHEROKEE INSURANCE COMPANY, Company: 315 Old Mountain Rd, Powder Springs, GA 30127

Manner of Service:     Bad Address

Documents:     SUMMONS; COMPLAINT; and PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUTION OF DOCUMENTS TO DEFENDANTS

Additional Comments:

1) Unsuccessful Attempt: Feb 14, 2020, 2:35 pm EST at Company: 315 Old Mountain Rd, Powder Springs, GA 30127
Per Mrs. Green, Registered Agent Brady Green passed away September 07, 2009, has asked that his name be removed as Registered Agent in the past , but has yet to be removed.

_Hollis Hill_     2/15/2020

HOLLIS HILL      Date
Certified Process Server # CPS195

RMG - SERVICES, LLC
P.O. Box 82967
Conyers, GA 30013
770-601-4250

Subscribed and sworn to before me by the affiant who is personally known to me.

_Santresa White_

Notary Public

2/15/2020      2/20/2022

Date         Commission Expires

SANTRESA WHITE
MY COMMISSION EXPIRES
NOTARY
PUBLIC
FEBRUARY 20, 2022
DEKALB COUNTY, GEORGIA



# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:    Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2020, and has been appointed as a permanent process server in said Court for 2020, shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2020.

SO ORDERED, this __6__ day of January 2020.

Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS 6th DAY OF January 20 20

Clerk, State Court, DeKalb County

FILED 11/20/2019 1:48 PM Clerk of Superior Court DeKalb County

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:

| | | |
|---|---|---|
| MOTION FOR APPOINTMENT AS | : | CIVIL ACTION FILE NUMBER: |
| PERMANENT PROCESS SERVER | : | |
| | : | |
| | : | |

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2020

The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

**HOLLIS JEROME HILL**

This appointment shall be effective until midnight December 31, 2020.

IT IS SO ORDERED this ___8th___ day of ___November___ 20_19_.

_Asha J. Jackson_

Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

## AFFIDAVIT OF SERVICE

| Case:<br>20A79055 | Court:<br>IN THE STATE COURT OF DEKALB COUNTY | County:<br>DEKALB | Job:<br>4284858 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>WILLIAM JORDAN, individually as surviving spouse of Vivian Jordan, deceased, and KARYN HENRY, as administrator of the estate of Vivian Jordan, deceased | | Defendant / Respondent:<br>TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO. and KHANDIS GIBSON | |
| Received by:<br>RMG - SERVICES, LLC | | For:<br>FRIED GOLDBERG LLC | |
| To be served upon:<br>KHANDIS GIBSON | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: KHANDIS GIBSON, Home: 45 Nicole Court, Covington, GA 30016

Manner of Service: Personal/Individual, Feb 15, 2020, 11:01 am EST

Documents: SUMMONS; COMPLAINT; and PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUTION OF DOCUMENTS TO DEFENDANTS

Additional Comments:

1) Successful Attempt: Feb 15, 2020, 11:01 am EST at Home: 45 Nicole Court, Covington, GA 30016 received by KHANDIS GIBSON. Age: 40+; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'4"; Hair: Blond;

_Subscribed and sworn to before me by the affiant who is personally known to me._

HOLLIS HILL     Date
Certified Process Server # CPS195

Notary Public

RMG - SERVICES, LLC
P.O. Box 82967
Conyers, GA 30013
770-601-4250

Date     Commission Expires



# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:     Permanent Process Servers

### <u>STANDING ORDER</u>

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2020, and has been appointed as a permanent process server in said Court for 2020, shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2020.

SO ORDERED, this ___6___ day of January 2020.

_____
Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS 6th DAY OF January 2020
_____
Clerk, State Court, DeKalb County

FILED 11/20/2019 1:48 PM Clerk of Superior Court DeKalb County

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS          :        CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER           :
                                    :
                                    :

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2020

The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

**HOLLIS JEROME HILL**

This appointment shall be effective until midnight December 31, 2020.

IT IS SO ORDERED this ___8th___ day of ___November___ 20_19_.

_____
Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

WILLIAM JORDAN, Individually as          §
Surviving Spouse of Vivian Jordan,       §
Deceased, and KARYN HENRY, as            §
Administrator of the State of Vivian     §
Jordan, Deceased,                        §
                                         §
        Plaintiffs,                      §
                                         §        CIVIL ACTION
                                         §
vs.                                      §        FILE NO. 20A79055
                                         §
TRUCKS FOR YOU, INC.,                    §
CHEROKEE INSURANCE CO., and              §
KHANDIS GIBSON,                          §
                                         §
        Defendants.                      §
                                         §

## DEFENDANT TRUCKS FOR YOU, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW **TRUCKS FOR YOU, INC.**, Defendant in the above-styled civil action, and files and files this Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to the Plaintiffs, and therefore, Plaintiffs may not recover from this Defendant in any sum or manner whatsoever.

## THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiffs, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## FOURTH DEFENSE

The damages sought by way of Plaintiffs' Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiffs are not entitled to recover from this Defendant.

## FIFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTH DEFENSE

Pending further investigation and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, assumption of the risk, avoidance of consequences and last clear chance.

## SEVENTH DEFENSE

Plaintiffs fail to state a claim for punitive damages upon which relief can be granted.

## EIGHTH DEFENSE

There is no clear and convincing evidence that this Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum or manner whatsoever.

## NINTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## TENTH DEFENSE

Plaintiffs' claim is barred due to improper venue.

## ELEVENTH DEFENSE

As an Eleventh Defense, this Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant denies the allegations contained within Paragraph 1 of Plaintiffs' Complaint.

2.

This Defendant denies the allegations contained within Paragraph 2 of Plaintiffs' Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiffs' Complaint.

5.

This Defendant admits the allegations contained within Paragraph 5 of Plaintiffs'
Complaint.

6.

This Defendant admits the allegations contained within Paragraph 6 of Plaintiffs'
Complaint.

## **BACKGROUND**

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7
of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the
truth thereof and puts Plaintiffs upon strict proof of the same.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiffs'
Complaint.

9.

This Defendant admits upon reasonable information and belief that Vivian Jordan is
deceased.  This Defendant denies as pled the remaining allegations contained within Paragraph 9
of Plaintiffs' Complaint.

## **COUNT I – NEGLIGENCE**

10.

In response to Paragraph 10 of Count I of Plaintiffs' Complaint, this Defendant
incorporates by reference each response to Paragraphs 1 through 9 of Plaintiffs' Complaint as if
each answer was fully set forth verbatim.

<center>11.</center>

This Defendant denies the allegations contained within Paragraph 11 of Plaintiffs' Complaint.

<center>12.</center>

This Defendant denies the allegations contained within Paragraph 12 of Plaintiffs' Complaint.

<center>13.</center>

This Defendant denies the allegations contained within Paragraph 13 of Plaintiffs' Complaint.

## <u>COUNT II – IMPUTED LIABILITY</u>

<center>14.</center>

In response to Paragraph 14 of Count II of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 13 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

<center>15.</center>

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 15 of Plaintiffs' Complaint.

<center>16.</center>

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 17 of Plaintiffs' Complaint.

## COUNT III — NEGLIGENT HIRING, ENTRUSTMENT & SUPERVISION

18.

In response to Paragraph 18 of Count III of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 17 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiffs' Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiffs' Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiffs' Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiffs' Complaint.

## <u>COUNT IV — DIRECT ACTION</u>

23.

In response to Paragraph 23 of Count IV of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 22 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

24.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy.  This Defendant denies any negligence or liability and the remaining allegations of Paragraph 24 of Plaintiffs' Complaint.

25.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy.  This Defendant denies any negligence or liability and the remaining allegations of Paragraph 25 of Plaintiffs' Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

27.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and

conditions of the policy.  This Defendant denies any negligence or liability and the remaining allegations of Paragraph 27 of Plaintiffs' Complaint.

## COUNT V — DAMAGES

28.

In response to Paragraph 28 of Count V of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 27 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiffs' Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiffs' Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiffs' Complaint.

## COUNT IV— PUNITIVE DAMAGES

### 33.

In response to Paragraph 33 of Count IV of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 32 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

### 34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint.

### 35.

This Defendant denies that Plaintiffs are entitled to the relief requested in the "Wherefore" paragraph of Plaintiffs' Complaint.

## TWELFTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiffs' Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **TRUCKS FOR YOU, INC.** prays that it be discharged without costs.

### A TRIAL BY JURY OF TWELVE IS DEMANDED.

*[Signature contained on next page.]*

This 11th day of March, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
mbeall@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WILLIAM JORDAN, Individually as Surviving Spouse of Vivian Jordan, Deceased, and KARYN HENRY, as Administrator of the State of Vivian Jordan, Deceased,** §<br>§<br>§<br>§<br>§<br>§ | |
| **Plaintiffs,** § | |
| | §  **CIVIL ACTION** |
| **vs.** § | |
| | §  **FILE NO. 20A79055** |
| **TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO., and KHANDIS GIBSON,** §<br>§<br>§<br>§ | |
| **Defendants.** § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT TRUCKS FOR YOU, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

<div style="display:flex">

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA 30326
*Attorneys for Plaintiffs*

Anthony C. Kalka, Esq.
Kalka & Baer, LLC
1447 Peachtree Street, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiffs*

</div>

This 11ᵗʰ day of March, 2020.

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **WILLIAM JORDAN, Individually as Surviving Spouse of Vivian Jordan, Deceased, and KARYN HENRY, as Administrator of the State of Vivian Jordan, Deceased,** | § § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO. 20A79055** |
| **TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO., and KHANDIS GIBSON,** | § § § § | |
| **Defendants.** | § § § | |

## PURPORTED DEFENDANT CHEROKEE INSURANCE CO.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFFS' COMPLAINT

COMES NOW **CHEROKEE INSURANCE CO.**, a purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiffs' Complaint ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This purported Defendant breached no duty to the Plaintiffs, and therefore, Plaintiffs may not recover from this purported Defendant in any sum or manner whatsoever.

## THIRD DEFENSE

No act or omission of this purported Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiffs, therefore, Plaintiffs may not recover from this purported Defendant in any sum or manner whatsoever.

## FOURTH DEFENSE

The damages sought by way of Plaintiffs' Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiffs are not entitled to recover from this purported Defendant.

## FIFTH DEFENSE

This purported Defendant asserts that the matters in question, and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this purported Defendant.

## SIXTH DEFENSE

Pending further investigation and to preserve defenses, this purported Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, assumption of the risk, avoidance of consequences and last clear chance.

## SEVENTH DEFENSE

Plaintiffs' Complaint is barred due to lack of personal jurisdiction.

## EIGHTH DEFENSE

Plaintiffs' Complaint is barred due to insufficiency of process.

## NINTH DEFENSE

Plaintiffs' Complaint is barred due to insufficiency of service of process.

### TENTH DEFENSE

Plaintiffs' Complaint should be dismissed because there has been no lawful service of the Summons and Complaint for Damages upon this purported Defendant.  Absent personal service within the application statute of limitations, Plaintiffs' claims are time barred.

### ELEVENTH DEFENSE

Plaintiffs' claim is barred due to laches.

### TWELFTH DEFENSE

Plaintiffs' claim is barred due to improper venue.

### THIRTEENTH DEFENSE

Plaintiffs fail to state a claim for punitive damages upon which relief may be granted.

### FOURTEENTH DEFENSE

There is no clear and convincing evidence that this purported Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum or manner whatsoever.

### FIFTEENTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

### SIXTEENTH DEFENSE

As a Sixteenth Defense, this purported Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

This purported Defendant denies the allegations contained within Paragraph 1 of Plaintiffs' Complaint.

### 2.

This purported Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

### 3.

This purported Defendant denies the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

### 4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiffs' Complaint.

### 5.

This purported Defendant denies the allegations contained within Paragraph 5 of Plaintiffs' Complaint.

### 6.

This purported Defendant denies the allegations contained within Paragraph 6 of Plaintiffs' Complaint.

## **BACKGROUND**

### 7.

This purported Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

### 8.

This purported Defendant denies the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

### 9.

This purported Defendant admits upon reasonable information and belief that Vivian Jordan is deceased.  This Defendant denies as pled the remaining allegations contained within Paragraph 9 of Plaintiffs' Complaint.

## **COUNT I – NEGLIGENCE**

### 10.

In response to Paragraph 10 of Count I of Plaintiffs' Complaint, this purported Defendant incorporates by reference each response to Paragraphs 1 through 9 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

### 11.

This purported Defendant denies the allegations contained within Paragraph 11 of Plaintiffs' Complaint.

### 12.

This purported Defendant denies the allegations contained within Paragraph 12 of Plaintiffs' Complaint.

13.

This purported Defendant denies the allegations contained within Paragraph 13 of Plaintiffs' Complaint.

## COUNT II – IMPUTED LIABILITY

14.

In response to Paragraph 14 of Count II of Plaintiffs' Complaint, this purported Defendant incorporates by reference each response to Paragraphs 1 through 13 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

15.

This purported Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 15 of Plaintiffs' Complaint.

16.

This purported Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17.

This purported Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 17 of Plaintiffs' Complaint.

## <u>COUNT III — NEGLIGENT HIRING, ENTRUSTMENT & SUPERVISION</u>

18.

In response to Paragraph 18 of Count III of Plaintiffs' Complaint, this purported Defendant incorporates by reference each response to Paragraphs 1 through 17 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

19.

This purported Defendant denies the allegations contained within Paragraph 19 of Plaintiffs' Complaint.

20.

This purported Defendant denies the allegations contained within Paragraph 20 of Plaintiffs' Complaint.

21.

This purported Defendant denies the allegations contained within Paragraph 21 of Plaintiffs' Complaint.

22.

This purported Defendant denies the allegations contained within Paragraph 22 of Plaintiffs' Complaint.

## <u>COUNT IV — DIRECT ACTION</u>

23.

In response to Paragraph 23 of Count IV of Plaintiffs' Complaint, this purported Defendant incorporates by reference each response to Paragraphs 1 through 22 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

24.

This purported Defendant admits that it provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy. This purported Defendant denies any negligence or liability and the remaining allegations of Paragraph 24 of Plaintiffs' Complaint.

25.

This purported Defendant admits that it provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy. This purported Defendant denies any negligence or liability and the remaining allegations of Paragraph 25 of Plaintiffs' Complaint.

26.

This purported Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

27.

This purported Defendant admits that it provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy. This purported Defendant denies any negligence or liability and the remaining allegations of Paragraph 27 of Plaintiffs' Complaint.

## COUNT V — DAMAGES

28.

In response to Paragraph 28 of Count V of Plaintiffs' Complaint, this purported Defendant incorporates by reference each response to Paragraphs 1 through 27 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

29.

This purported Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

30.

This purported Defendant denies the allegations contained within Paragraph 30 of Plaintiffs' Complaint.

31.

This purported Defendant denies the allegations contained within Paragraph 31 of Plaintiffs' Complaint.

32.

This purported Defendant denies the allegations contained within Paragraph 32 of Plaintiffs' Complaint.

## COUNT IV— PUNITIVE DAMAGES

33.

In response to Paragraph 33 of Count IV of Plaintiffs' Complaint, this purported Defendant incorporates by reference each response to Paragraphs 1 through 32 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

34.

This purported Defendant denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint.

35.

This purported Defendant denies that Plaintiffs are entitled to the relief requested in the "Wherefore" paragraph of Plaintiffs' Complaint.

**SIXTEENTH DEFENSE**

This purported Defendant denies any remaining allegations contained in Plaintiffs' Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **CHEROKEE INSURANCE CO.** prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 11ᵗʰ day of March, 2020.

<div style="text-align:right">

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

</div>

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
mbeall@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

WILLIAM JORDAN, Individually as
Surviving Spouse of Vivian Jordan,
Deceased, and KARYN HENRY, as
Administrator of the State of Vivian
Jordan, Deceased,

      Plaintiffs,

vs.

TRUCKS FOR YOU, INC.,
CHEROKEE INSURANCE CO., and
KHANDIS GIBSON,

      Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION**

**FILE NO. 20A79055**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANT CHEROKEE INSURANCE CO.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

<table>
<tr>
<td>

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiffs*

</td>
<td>

Anthony C. Kalka, Esq.
Kalka & Baer, LLC
1447 Peachtree Street, Suite 550
Atlanta, GA  30309
*Attorney for Plaintiffs*

</td>
</tr>
</table>

This 11ᵗʰ day of March, 2020.

        **CRUSER, MITCHELL, NOVITZ,**
        **SANCHEZ, GASTON & ZIMET, LLP**

        **JASON G. WYRICK**
        Georgia Bar No. 143112
        **MAGGIE D. BEALL**
        Georgia Bar No. 636320
        **J. ROBB CRUSER**
        Georgia Bar No. 199480
        *Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **WILLIAM JORDAN, Individually as Surviving Spouse of Vivian Jordan, Deceased, and KARYN HENRY, as Administrator of the State of Vivian Jordan, Deceased,** | § § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO. 20A79055** |
| **TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO., and KHANDIS GIBSON,** | § § § § | |
| **Defendants.** | § § § | |

## DEFENDANT KHANDIS GIBSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW **KHANDIS GIBSON**, Defendant in the above-styled civil action, and files and files this Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), showing the Court as follows:

## FIRST DEFENSE

Plaintiffs' claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

This Defendant breached no duty to the Plaintiffs, and therefore, Plaintiffs may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiffs, therefore, Plaintiffs may not recover from this Defendant in any sum or manner whatsoever.

### FOURTH DEFENSE

The damages sought by way of Plaintiffs' Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiffs are not entitled to recover from this Defendant.

### FIFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiffs' alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

### SIXTH DEFENSE

Pending further investigation and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, assumption of the risk, avoidance of consequences and last clear chance.

### SEVENTH DEFENSE

Plaintiffs fail to state a claim for punitive damages upon which relief may be granted.

### EIGHTH DEFENSE

There is no clear and convincing evidence that this Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum or manner whatsoever.

## NINTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## TENTH DEFENSE

Plaintiffs' claim is barred due to improper venue.

## ELEVENTH DEFENSE

As an Eleventh Defense, this Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

This Defendant denies the allegations contained within Paragraph 1 of Plaintiffs' Complaint.

### 2.

This Defendant denies the allegations contained within Paragraph 2 of Plaintiffs' Complaint.

### 3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

### 4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiffs' Complaint.

5.

This Defendant admits the allegations contained within Paragraph 5 of Plaintiffs' Complaint as to this Defendant only.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiffs' Complaint.

## BACKGROUND

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

9.

This Defendant admits upon reasonable information and belief that Vivian Jordan is deceased. This Defendant denies as pled the remaining allegations contained within Paragraph 9 of Plaintiffs' Complaint.

## COUNT I – NEGLIGENCE

10.

In response to Paragraph 10 of Count I of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 9 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiffs' Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiffs' Complaint.

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiffs' Complaint.

## COUNT II – IMPUTED LIABILITY

14.

In response to Paragraph 14 of Count II of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 13 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

15.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 15 of Plaintiffs' Complaint.

16.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 17 of Plaintiffs' Complaint.

## COUNT III — NEGLIGENT HIRING, ENTRUSTMENT & SUPERVISION

18.

In response to Paragraph 18 of Count III of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 17 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiffs' Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiffs' Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiffs' Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiffs' Complaint.

## COUNT IV — DIRECT ACTION

23.

In response to Paragraph 23 of Count IV of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 22 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

24.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy.  This Defendant denies any negligence or liability and the remaining allegations of Paragraph 24 of Plaintiffs' Complaint.

25.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and conditions of the policy.  This Defendant denies any negligence or liability and the remaining allegations of Paragraph 25 of Plaintiffs' Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

27.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to Trucks for You, Inc. and coverage may be available subject to the terms and

conditions of the policy.  This Defendant denies any negligence or liability and the remaining allegations of Paragraph 27 of Plaintiffs' Complaint.

## COUNT V — DAMAGES

28.

In response to Paragraph 28 of Count V of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 27 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiffs' Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiffs' Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiffs' Complaint.

## COUNT IV— PUNITIVE DAMAGES

### 33.

In response to Paragraph 33 of Count IV of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 32 of Plaintiffs' Complaint as if each answer was fully set forth verbatim.

### 34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint.

### 35.

This Defendant denies that Plaintiffs are entitled to the relief requested in the "Wherefore" paragraph of Plaintiffs' Complaint.

## TWELFTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiffs' Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **KHANDIS GIBSON** prays that she be discharged without costs.

## A TRIAL BY JURY OF TWELVE IS DEMANDED.

*[Signature contained on next page.]*

This 11th day of March, 2020.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
mbeall@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

WILLIAM JORDAN, Individually as          §
Surviving Spouse of Vivian Jordan,       §
Deceased, and KARYN HENRY, as            §
Administrator of the State of Vivian     §
Jordan, Deceased,                        §
                                         §
        Plaintiffs,                      §
                                         §        CIVIL ACTION
vs.                                      §
                                         §        FILE NO. 20A79055
TRUCKS FOR YOU, INC.,                    §
CHEROKEE INSURANCE CO., and              §
KHANDIS GIBSON,                          §
                                         §
        Defendants.                      §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT KHANDIS GIBSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

|  |  |
|---|---|
| Michael L. Goldberg, Esq. | Anthony C. Kalka, Esq. |
| Eric J.D. Rogers, Esq. | Kalka & Baer, LLC |
| Fried Goldberg LLC | 1447 Peachtree Street, Suite 550 |
| Three Alliance Center, Suite 1500 | Atlanta, GA  30309 |
| 3550 Lenox Road, N.E. | *Attorney for Plaintiffs* |
| Atlanta, GA  30326 | |
| *Attorneys for Plaintiffs* | |

This 11ᵗʰ day of March, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/297/00046/PLEADING/02437205.DOCX }

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

WILLIAM JORDAN, Individually as    §
Surviving Spouse of Vivian Jordan,   §
Deceased, and KARYN HENRY, as    §
Administrator of the State of Vivian  §
Jordan, Deceased,                      §
                                    §
     Plaintiffs,                 §
                                    §     CIVIL ACTION
vs.                              §
                                    §     FILE NO. 20A79055
TRUCKS FOR YOU, INC.,        §
CHEROKEE INSURANCE CO., and   §
KHANDIS GIBSON,           §
                                    §
     Defendants.            §
                                    §

## DEFENDANTS' DEMAND FOR
## TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **TRUCKS FOR YOU, INC.,** and **KHANDIS GIBSON**, Defendants in the above-styled civil action, and **CHEROKEE INSURANCE CO.**, purported Defendant in the above-styled Civil Action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 11th day of March, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
mbeall@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **WILLIAM JORDAN, Individually as Surviving Spouse of Vivian Jordan, Deceased, and KARYN HENRY, as Administrator of the State of Vivian Jordan, Deceased,** | § § § § § | |
| **Plaintiffs,** | § § § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO. 20A79055** |
| **TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO., and KHANDIS GIBSON,** | § § § § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiffs*

Anthony C. Kalka, Esq.
Kalka & Baer, LLC
1447 Peachtree Street, Suite 550
Atlanta, GA  30309
*Attorney for Plaintiffs*

This 11th day of March, 2020.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

WILLIAM JORDAN, Individually as §
Surviving Spouse of Vivian Jordan, §
Deceased, and KARYN HENRY, as §
Administrator of the State of Vivian §
Jordan, Deceased, §
§
      Plaintiffs, §
§      **CIVIL ACTION**
§
vs. §
§      **FILE NO. 20A79055**
TRUCKS FOR YOU, INC., §
CHEROKEE INSURANCE CO., and §
KHANDIS GIBSON, §
§
      Defendants. §
§

## DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

COME NOW **TRUCKS FOR YOU, INC.** and **KHANDIS GIBSON**, Defendants in the above-styled civil action, and **CHEROKEE INSURANCE CO.**, purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process (hereinafter "Defendants"), and, pursuant to O.C.G.A. § 9-11-12(c), file this Motion for Partial Judgment on the Pleadings as to Plaintiffs' claim for punitive damages on grounds that there are no material facts in dispute as to Plaintiffs' claim for punitive damages and as Defendants are entitled to judgment on Plaintiffs' claim for punitive damages as a matter of law.  In support of this Motion, Defendants file concurrently herewith their Memorandum of Law in Support of Defendants' Motion for Partial Judgment on the Pleadings.

WHEREFORE, Defendants pray that this Court grant this Motion for Partial Judgment on the Pleadings and enter judgment on the pleadings as to Plaintiffs' claims for punitive damages as a matter of law.

This 11th day of March, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
mbeall@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIAM JORDAN, Individually as Surviving Spouse of Vivian Jordan, Deceased, and KARYN HENRY, as Administrator of the State of Vivian Jordan, Deceased, | § § § § § § | |
| Plaintiffs, | § § | **CIVIL ACTION** |
| vs. | § § | **FILE NO. 20A79055** |
| TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO., and KHANDIS GIBSON, | § § § § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiffs*

Anthony C. Kalka, Esq.
Kalka & Baer, LLC
1447 Peachtree Street, Suite 550
Atlanta, GA  30309
*Attorney for Plaintiffs*

This 11th day of March, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

<div align="center">

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

</div>

| | |
|---|---|
| **WILLIAM JORDAN, Individually as** §<br>**Surviving Spouse of Vivian Jordan,** §<br>**Deceased, and KARYN HENRY, as** §<br>**Administrator of the State of Vivian** §<br>**Jordan, Deceased,** §<br>§<br>    **Plaintiffs,** §<br>§<br>**vs.** §<br>§<br>**TRUCKS FOR YOU, INC.,** §<br>**CHEROKEE INSURANCE CO., and** §<br>**KHANDIS GIBSON,** §<br>§<br>    **Defendants.** §<br>§ | **CIVIL ACTION**<br><br>**FILE NO. 20A79055** |

<div align="center">

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

</div>

COME NOW **TRUCKS FOR YOU, INC.** and **KHANDIS GIBSON**, Defendants in the above-styled civil action, and **CHEROKEE INSURANCE CO.**, purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process (hereinafter "Defendants"), and, pursuant to O.C.G.A. § 9-11-12(c), and Fed. R. Civ. P. 12(c), file their Memorandum of Law in Support of Motion for Partial Judgment on the Pleadings, showing the Court as follows:

<div align="center">

**INTRODUCTION**

</div>

The present matter arises out of a May 13, 2019 motor vehicle accident involving Plaintiff William Jordan and Defendant Khandis Gibson. *See* Plaintiff's Complaint attached as Defendant's Exhibit 1, ¶¶ 7-9. The subject accident occurred when Plaintiff William Jordan, while operating a white, 2013 Cadillac ATS, and attempting to turn from westbound Lavista Rd., onto southbound Ranchwood Dr., failed to yield to oncoming traffic and was struck by a white,

2016 Conventional ST120 tractor operated by Defendant Khandis Gibson.  *Id.*  Decedent Vivian Jordan was a front seat passenger in the Jordan vehicle and was killed.  *Id.*  Mr. Jordan was the sole party cited as a result of the subject accident, and on or about August 9, 2019, investigating law enforcement issued two (2) warrants for Mr. Jordan's arrest, warrant no. 19-W-013318, for the offense of vehicular homicide pursuant to O.C.G.A. § 40-6-393, and warrant no. 19-W-013319 for the offense of failure to yield while turning left pursuant to O.C.G.A. § 40-6-71. Upon information and belief, Mr. Jordan moved to Texas and has not yet been arrested for these offenses.

Plaintiffs' sole claim against Defendant Gibson is for ordinary negligence. *Id.*, ¶¶ 10-13. Plaintiffs make claims against Defendant Trucks for You, Inc., for (i) vicarious liability and (ii) negligent hiring, entrustment and supervision.  *Id.*, ¶¶ 18-22.  Plaintiffs' sole claim against purported Defendant Cherokee Insurance Company is for direct action pursuant to O.C.G.A. § 40-2-140.  *Id.*, ¶¶ 23-27.  Plaintiff William Jordan claims damages for wrongful death and Plaintiff Karyn Henry claims damages as the administrator of the Estate of Vivian Jordan.  *Id.*, ¶¶ 29-32.

Plaintiff Karyn Henry, as Administrator of the Estate of Vivian Jordan, additionally claims punitive damages against Defendants.  *Id.*, ¶ 34.  The sole averment in Plaintiffs' Complaint pertaining to punitive damages states that "Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifferent to the consequences of their actions and entitles Plaintiff Karyn Henry, as administrator of the estate of Vivian Jordan, to an award of punitive damages." *Id.*  Beyond this bare, conclusory allegation, Plaintiffs' Complaint contains no factual or evidentiary basis by which Plaintiff Karyn Henry, as Administrator of the Estate of Vivian Jordan, would be entitled to punitive damages. *See* D-1.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." O.C.G.A. § 9-11-12(c). The granting of a motion for judgment on the pleadings is proper where there is a complete failure to present a viable cause of action. *Holland Ins. Group, LLC v. Senior Life Ins. Co.*, 329 Ga. App. 834, 766 S.E.2d 187 (2014); *Lapolla Industries, Inc. v. Hess*, 325 Ga. App. 256, 750 S.E.2d 467 (2013).

Fed. R. Civ. P. 12(c) similarly states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings," (emphasis added). "Judgment on the pleadings is appropriate where no issues of material facts remain unresolved and the moving party is entitled to judgment as a matter of law." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116-17 (11th Cir. 1999), *citing Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996).

## ARGUMENT AND CITATION OF AUTHORITY

I.   **THE ALLEGATIONS AGAINST DEFENDANTS, AS CONTAINED IN PLAINTIFFS' COMPLAINT, DO NOT JUSTIFY THE IMPOSITION OF PUNITIVE DAMAGES.**

A.   **Applicable Georgia law requires clear and convincing evidence that a defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences, for a plaintiff to recover punitive damages.**

In Georgia, claims for punitive damages are governed by O.C.G.A. § 51-12-5.1(b) which states that:

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

The "willful misconduct," "wantonness," and "entire want of care which would raise the presumption of conscious indifference to consequences," language of O.C.G.A. § 51-12-5.1(b) have typically been interpreted by the Court of Appeals as one claim rather than separate claims. In *Wardlaw v. Ivey*, 297 Ga. App. 240, 676 S.E.2d 858 (2009), for example, the Court stated that "[u]nder Georgia law, "wanton conduct is that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent," (emphasis added). *Wardlaw, supra* at 242, *quoting Muller v. English*, 221 Ga. App. 672, 676(2)(c), 472 S.E.2d 448 (1996). In *Muller*, the Court of Appeals stated that "Georgia decisions have defined "willful" and "wanton" in the context of other statutory enactments as well as the common law," and that "[t]hese definitions are essentially consistent, regardless of context," (emphasis added). *Muller, supra* at 676. The *Muller* Court stated that "[w]ilful conduct is based on an actual intention to do harm or inflict injury," (emphasis added) and that "wanton conduct is that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent." *Id.* The *Muller* Court further noted that "[i]n order to prove willful or wanton conduct, a plaintiff must demonstrate that a defendant's acts were such as to evidence a willful intention to inflict the injury, or else were so reckless or so charged with indifference to consequences … as to justify … finding a wantonness equivalent in spirit to actual intent." *Muller, supra* at 676, *citing McNeal Loftis, Inc. v. Helmey*, 218 Ga. App. 628, 629, 462 S.E.2d 789 (1995).

Ordinary or even gross negligence will not support a punitive damages award. *Howard v. Alamo Corp.*, 216 Ga. App. 525, 525-526, 455 S.E.2d 308 (1995); *Troutman v. B.C.B. Co.*, 209 Ga. App. 166, 168, 433 S.E.2d 73 (1993); *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 122, 365 S.E.2d 827 (1988); *Hubbard v. Department of Transp.*, 256 Ga. App. 342, 568 S.E.2d 559

(2002).  When the evidence is construed in favor of the party opposing summary judgment and the court determines that the case involves negligence or gross negligence at most, then summary judgment as to punitive damages is appropriate.  *Tower Financial Services, Inc. v. Smith*, 204 Ga. App. 910, 423 S.E.2d 257 (1992); *Hillman v. General Motors Acceptance Corp.*, 210 Ga. App. 837, 437 S.E.2d 803 (1993).

There is ample precedent in the Georgia Courts to support a ruling in Defendants' favor as to Plaintiffs' claim for punitive damages.  In *Carter v. Spells*, 229 Ga. App. 441 (1997), the Court of Appeals of Georgia upheld summary judgment on the plaintiff's claim for punitive damages based on the "entire want of care," language of the statute after the defendant's driver ran a red light and collided with the plaintiff's vehicle while allegedly also engaged in an assortment of disruptive and antisocial behavior.  *Id.*, at 442-443.  In reaching its conclusion, the Court cited *Bradford v. Xerox Corp.*, 216 Ga. App. 83, 453 S.E.2d 98 (1994) for the precedent that "[i]n automobile collision cases decided under O.C.G.A. 51-12-5.1, punitive damages are not recoverable where the driver at fault simply violated a rule of the road," (emphasis added). *Carter*, *supra* at 442.  In reaching its conclusion, the *Carter* Court noted that "[a] jury should decide whether Spells [the defendant] was negligent, but [that] this evidence does not provide a basis for finding that Spells consciously and deliberately disregarded the interests of others when he entered the intersection," (emphasis added). *Id.*, at 443.

In *Bradford*, the Court of Appeals of Georgia upheld summary judgment on the plaintiff's claim for punitive damages despite the fact that the defendant driver was allegedly speeding on a wet roadway and crossed the highway median thereby striking the plaintiff's vehicle.  *Bradford*, *supra* at 83.  In reaching its conclusion, the *Bradford* Court noted that "[t]here was no evidence of any history of improper driving by McCormick [the defendant

driver] on the job," (emphasis added), that "[t]here was no indication that Xerox [the defendant employer] had any reason to question McCormick's driving ability," (emphasis added), and that "[t]here was no indication that McCormick had consumed any alcoholic beverages during the previous 24 hours nor was there any evidence of a DUI history," (emphasis added). *Id.* The Court concluded that "the evidence, viewed with all inferences in favor of Bradford [the plaintiff], was insufficient to impose punitive damages on Xerox Corporation as a result of the actions of its driver McCormick under the "clear and convincing evidence standard of O.C.G.A. § 51-12-5.1(b)," (emphasis added). *Bradford, supra* at 83.

The *Carter* Court also cited *Coker v. Culter*, 208 Ga. App. 651, 431 S.E.2d 443 (1993), in which the Court of Appeals of Georgia upheld summary judgment on plaintiff's claims for punitive damages despite the fact that the "defendant was speeding on wet roads, had consumed some alcohol, and behaved abominably after [the] collision," (emphasis added). *Carter, supra* at 442, *citing Coker, supra* at 651. In *Coker*, the Court cited the *Colonial Pipeline Co.* case for the precedent that "[n]egligence, even gross negligence is inadequate to support a punitive damage award," (emphasis added). *Coker, supra* at 652, *citing Colonial Pipeline Co., supra* at 115, 118(3b). The *Coker* Court, in upholding the trial court's grant of partial summary judgment, held that "[a]lthough there may be evidence of gross negligence in this case, there is no clear and convincing evidence that defendant's acts arose to the level sought to be punished under O.C.G.A. § 51-12-5.1." *Coker, supra* at 652.

**B.    Defendants' Motion should be granted because there is insufficient evidence by which to show either that Defendant was intoxicated at the time of the subject accident, or that Plaintiffs are entitled to punitive damages.**

In the present case, as was the case in *Carter, Bradford, Coker* and other applicable Georgia precedent, there are no material facts in dispute that would warrant a claim for punitive

damages.  *See Carter, supra* at 441-43; *Bradford, supra* at 83; *Coker, supra* at 651-52. Plaintiffs' Complaint unequivocally avers that Plaintiff William Jordan, while following a school bus, made a left turn in front of Defendant Gibson's vehicle.  D-1, ¶¶ 7-9.  The facts of the subject accident, as presented in Plaintiffs' Complaint, do not in any way aver that Plaintiff Jordan had the right of way at the time that he attempted the left turn onto Lavista Rd., nor do they reflect that Mr. Jordan yielded the right of way to Defendant Gibson, nor do they cite any statute, code, ordinance or rule of the road that Defendant Gibson is alleged to have violated.  *Id.* As such, even if accepted as true, the facts as pled in the Plaintiff's Complaint do not even establish liability on the part of Defendant Gibson, let alone a claim for punitive damages.  *Id.* While Plaintiffs aver the bare conclusory allegation in paragraph 11 that Defendant Gibson was travelling too fast for conditions or failed to keep a proper lookout, this allegation is not supported by any facts or evidence pled in the Complaint.  *Id.*, ¶¶ 7-9, 11.

Even if Plaintiffs' conclusory allegation is accepted as true, there is no basis in law or fact to support an award of punitive damages for either travelling too fast for conditions or failure to keep a reasonable lookout.  D-1, ¶ 11.  These allegations, as contained within paragraph 11 of Plaintiff's Complaint, are both mere violations of the rules of the road.  Yet Georgia law unequivocally states that a mere violation of a rule of the road is insufficient to create a jury issue as to punitive damages.  *See Carter, supra* at 442.  Plaintiffs' Complaint is further grounded in ordinary negligence, which is also insufficient to establish a claim for punitive damages.  *See Colonial Pipeline, supra* at 121.  Instead, "[s]omething more than the mere commission of a tort is always required for punitive damages.  There must be circumstances of aggravation or outrage, such as spite or "malice," or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of

others that the conduct may be called willful or wanton.'" *Cullen v. Novak*, 201 Ga. App. 459, 411 S.E.2d 331 (1991), *citing Colonial Pipeline, supra* at 121. In the present case, Plaintiff's Complaint pleads no facts that would suggest any such circumstances of aggravation, outrage, malice, or fraudulent or evil motive on the part of any defendant. *See* D-1. As such, in the present matter, there is simply no basis in law or fact to support Plaintiff's claim for punitive damages.

## CONCLUSION

Given the foregoing, as the Plaintiffs have not pled any facts, evidence or any viable cause of action by which to show that Plaintiffs would be entitled to punitive damages, judgment on the pleadings as to Plaintiffs' punitive damages claim is appropriate as a matter of law.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Partial Judgment on the Pleadings and for all other relief just and proper.

Respectfully submitted this 11th day of March, 2020.

<div align="right">

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

</div>

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
mbeall@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

WILLIAM JORDAN, individually as
surviving spouse of Vivian Jordan, deceased,
and KARYN HENRY, as administrator of the
estate of Vivian Jordan, deceased,

**JURY TRIAL DEMANDED**

              Plaintiffs,

CIVIL ACTION **20A79055**

FILE NO. _____

vs.

TRUCKS FOR YOU, INC., CHEROKEE
INSURANCE CO. and KHANDIS GIBSON

              Defendants.

## COMPLAINT

COME NOW, Plaintiffs William Jordan and Karyn Henry and file this complaint against

Trucks for You, Inc., Cherokee Insurance Company and Khandis Gibson and show the court as

follows:

### PARTIES AND JURISDICTION

1.

Plaintiff William Jordan is a citizen of the State of Georgia and Plaintiff Karyn Henry is a

citizen of the State of South Carolina and are subject to the jurisdiction of this court.

2.

Defendant Trucks for You, Inc. ("TFY") is a corporation existing under the laws of the

State of Oklahoma with its principal place of business in Oklahoma, and is authorized to transact

business in the State of Georgia and may be served by delivering a copy of the summons and

complaint on its registered agent J. Britt Thames at 4124 Arkwright Road, Suite 2, Macon,

Georgia 31210, and is subject to the jurisdiction of this Court.

3.

Defendant Cherokee Insurance Company is a corporation existing under the laws of the State of Tennessee with its principal place of business in Tennessee, and is authorized to transact business in the State of Georgia and may be served by delivering a copy of the summons and complaint on its registered agent Brady Green at 315 Old Mountain Road, Powder Springs, Georgia 30073, and is subject to the jurisdiction of this Court.

4.

Defendant Khandis Gibson resides at 105 Chandler Trace, Covington, Newton County, Georgia 30016 and may be served with a copy of the summons and complaint at this residence.

5.

Jurisdiction is proper in this Court.

6.

Venue is proper in this Court.

## **BACKGROUND**

7.

On or about May 13, 2019, Plaintiff William Jordan was driving a vehicle with Decedent Vivian Jordan a passenger westbound on Lavista Road and made a left turn behind a school bus at the intersection with Ranchwood Drive in DeKalb County, Georgia.

8.

On that date, Defendant Gibson was driving a tractor-trailer on behalf of Defendant TFY eastbound on Lavista Road approaching the intersection and did not slow down or take any evasive maneuver to avoid Plaintiff William Jordan's vehicle as he was turning left behind the school bus.

D-1 002

9.

Gibson's tractor-trailer hit the side of William Jordan's vehicle injuring Mr. Jordan and injuring his wife Vivian Jordan to the extent that she could not be saved and died 11 days later.

## COUNT I – NEGLIGENCE

10.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Gibson was negligent in the operation of his vehicle in driving too fast for conditions, driving over the speed limit and failing to maintain a proper lookout for other vehicles.

12.

Defendant Gibson was negligent in striking Plaintiff William Jordan's vehicle.

13.

Defendant Gibson's negligence is the sole and proximate cause of the collision and the injuries suffered by Plaintiff William Jordan and the Decedent Vivian Jordan which led to her death.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

D-1 003

15.

At the time of the subject collision, Defendant Gibson was an employee of Defendant TFY and was acting within the scope of his employment or, in the alternative, was acting an agent of Defendant TFY and was acting within the scope of agency.

16.

At the time of the subject collision, Defendant Gibson was operating his tractor-trailer on behalf of Defendant TFY and under dispatch to Defendant TFY.

17.

Defendant TFY is responsible for the actions of Defendant Gibson in regard to the collision described in this complaint under the doctrine of respondeat superior, lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, ENTRUSTMENT & SUPERVISION

18.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant TFY was negligent in hiring Defendant Gibson and entrusting him to drive a tractor-trailer.

20.

Defendant TFY was negligent in failing to properly train Defendant Gibson.

21.

Defendant TFY was negligent in failing to properly supervise Defendant Gibson.

D-1 004

22.

Defendants TFY's negligence in hiring Defendant Gibson and entrusting him with driving a tractor-trailer and failing to train and supervise him properly was the sole and proximate cause of the collision and the injuries suffered by Plaintiff William Jordan and Decedent Vivian Jordan that led to her death.

## COUNT IV – DIRECT ACTION

23.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Cherokee Insurance is subject to a direct action as the insurer for Defendant TFY pursuant to O.C.G.A. § 40-2-140.

25.

Defendant Cherokee Insurance was the insurer of Defendant TFY at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and interstate transportation.

26.

Defendant Cherokee Insurance and Defendant TFY are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

27.

Defendant Cherokee Insurance is responsible for any judgment rendered against Defendant TFY.

-6-

## COUNT V – DAMAGES

### 28.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

### 29.

At the time of the collision, Decedent was married to Plaintiff William Jordan, and Plaintiff William Jordan is the proper party to bring a claim for the full value of her life.

### 30.

Decedent experienced pain and suffering as a result of the collision and incurred medical expenses from her injuries before she died, and Plaintiff Karyn Henry as the administrator of her estate is the proper party to bring these claims.

### 31.

As a result of Defendants' negligence, Plaintiff William Jordan has a claim for the wrongful death of the Decedent Vivian Jordan and has a claim for his own pain and suffering and past medical expenses for his own injuries and for negligent infliction of emotional distress in witnessing the injuries suffered by his wife.

### 32.

As a result of Defendants' negligence, Plaintiff Karyn Henry, as administrator of the estate of Vivian Jordan, has a claim for the Decedent's pain and suffering and for the Decedent's funeral and medical expenses.

## COUNT IV– PUNITIVE DAMAGES

D-1 006

33.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff Karyn Henry, as administrator of the estate of Vivian Jordan, to an award of punitive damages.

**WHEREFORE**, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff William Jordan recover for the full value of the life of Vivian Jordan;

b. That Plaintiff William Jordan recover for his past medical expenses in an amount to be proven at trial;

c. That Plaintiff William Jordan recover for his past and future mental and physical pain and suffering from his own injuries and for his past and future mental suffering for watching his wife be injured in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff Karyn Henry recover for the Decedent's past mental and physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

e. That Plaintiff Karyn Henry recover for the Decedent's past medical expenses and funeral expenses in an amount to be proven at trial;

D-1 007

f.    That Plaintiff Karyn Henry recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

g.    That Plaintiffs recover such other and further relief as is just and proper.

This 10th day of February, 2020.

Respectfully Submitted,

**FRIED GOLDBERG LLC**

By: */s/ Michael L. Goldberg*
**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

Three Alliance Center
3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@friedgoldberg.com
Email: eric@friedgoldberg.com

**THE KALKA LAW GROUP**

By: */s/ Anthony Kalka*
**ANTHONY KALKA**
Georgia Bar No. 406224

1447 Peachtree Street, N.E.
Suite 550
Atlanta, Georgia 30309
(404) 907-1594
Fax: (404) 567-4413
Email: tony@404lawyer1.com

Attorneys for Plaintiffs

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2020 2:30 PM
E-FILED
BY: Siana Smith

**D-1 008**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **WILLIAM JORDAN, Individually as Surviving Spouse of Vivian Jordan, Deceased, and KARYN HENRY, as Administrator of the State of Vivian Jordan, Deceased,** | § § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO. 20A79055** |
| **TRUCKS FOR YOU, INC., CHEROKEE INSURANCE CO., and KHANDIS GIBSON,** | § § § § | |
| **Defendants.** | § § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiffs*

Anthony C. Kalka, Esq.
Kalka & Baer, LLC
1447 Peachtree Street, Suite 550
Atlanta, GA  30309
*Attorney for Plaintiffs*

This 11th day of March, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**MAGGIE D. BEALL**
Georgia Bar No. 636320
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/297/00046/MOTIONS/02455132.DOCX }